**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ROBERTA GREGORY,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO. 3:15-CV-0347-N-BK** |
| **EVERBANK, et al.,** | |
| **Defendants.** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management.  The *pro se* Plaintiff originally filed this action in state court, alleging that Defendant Everbank wrongfully foreclosed on her home and Defendant Fannie Mae broke into her home via a real estate agent.  Doc. 1-2 at 2-3.   Among other things, Plaintiff sought to set aside the foreclosure and to quiet title to the property.  Doc. 1-2 at 4-5.  Defendants removed the action to federal district court based on diversity jurisdiction and, on February 11, 2015, moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 5.

Plaintiff was required to file her response to Defendants' motion to dismiss, if she opposed the relief requested, by March 4, 2015, but she did not do so.  See N.D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadlines for filing responses to motions).  Due to Plaintiff's failure to respond to Defendants' dismissal motion, this Court ordered Plaintiff to respond to the motion no later than April 3, 2015 if she was opposed to the dismissal of her case.  That deadline passed, and Plaintiff did not respond as ordered.  Instead, on April 6, 2015, Plaintiff untimely filed for an extension of time to respond to the dismissal motion.  Doc. 7.  The undersigned denied the motion without prejudice to refiling once Plaintiff had conferred with opposing counsel about the requested extension and notified the Court whether the extension was opposed.

Doc. 8.  On April 27, 2015, the order was returned to the court from Plaintiff's address as undeliverable and no forwarding address has been provided.  Doc. 9.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to respond to Defendants' dismissal motion, failed to comply with this Court's orders directing her to file a response and to confer with opposing counsel about an extension to do so, and failed to keep the court apprised of her current address.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Plaintiff has raised claims of trespass to title, action to quiet title, wrongful foreclosure, and violation of the Texas Debt Collection Practices Act ("TDCPA"), and she additionally seeks declaratory and injunctive relief.  Doc. 1-2 at 4-7.  The foreclosure sale of her property took place in November 2014.  Doc. 1-2 at 4. Accordingly, the statute of limitations on her quiet title and wrongful foreclosure claims will not expire until 2018.  *See Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable); *Garcia v. Garza*, 311 S.W.2d 28, 42 (Tex.App. – San Antonio, 2010) (four-year limitations period for trespass to try title); *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App. – Dallas, 2004) (four-year statute of limitations for wrongful foreclosure claims). Plaintiff's TDCPA statute of limitations will expire in 2016, two years after the foreclosure

proceeding (the allegedly fraudulent "collection action") was undertaken. *Duzich v. Marine Office of America Corp.*, 980 S.W.2d 857, 872 (Tex.App. – Corpus Christi, 1998).

Liberally construing her *pro se* complaint in light of the removal of her case to federal court, Plaintiff also seeks relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.) (stating that when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act). That Act provides that any federal court may declare the rights and legal relations of any interested party. However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Thus, Plaintiff's request for a declaratory judgment should be dismissed without prejudice. She will be able to seek declaratory relief again if she re-files her action before the expiration of the statute of limitations.

Finally, Plaintiff's request for injunctive relief should be dismissed because she has not attempted to establish the first, third, or fourth elements required to obtain an injunction. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (noting that the four elements needed to secure injunctive relief are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) the grant of injunctive relief will not disserve the public interest)).

3

Accordingly, this case should be dismissed without prejudice based on Plaintiff's lack of prosecution and failure to comply with Court orders.

**SO RECOMMENDED** on June 5, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4